UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ROOSEVELT CARTER,                                                    Index No.

                                    Plaintiff,

          -against-
                                                                    **COMPLAINT**

CITY OF NEW YORK,
POLICE OFFICER HELLBURG,                                            **JURY TRIAL IS**
Individual and in his official capacity as a New York              **DEMANDED**
City Police Officer, and POLICE OFFICER JOHN DOES,
And JANE DOES individually and in their official
Capacities as New York City Police Officers, the
Identity and number of who are presently unknown,

                                    Defendants.
-------------------------------------------------------------------------X

          Plaintiff ROOSEVELT CARTER (**"CARTER"**), complaining of defendants

THE CITY OF NEW YORK and POLICE OFFICER HELLBURG (hereinafter referred

to as **"DEFENDANT'S"**), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a personal injury action that occurred on the afternoon of October 2,

2012.On that date, Plaintiff Roosevelt Carter (hereinafter referred to as "Mr. Carter")

was riding his bicycle from his mother's house when he was stopped in the street and

frisked by Police Officer Hellburg (hereinafter referred to as "Officer Hellburg") and

an unknown female officer on Stuyvesant Avenue and Madison Avenue in Brooklyn.

2.  The police officers informed him that he was being stopped for riding his bicycle

on the sidewalk. Officer Hellburg placed his hand over Mr. Carter's heart and asked

him why he was nervous prior to handcuffing him. Mr. Carter was not read his

Miranda Rights.

3.   Officer Hellburg and the unidentified female police officer placed Mr. Carter in the back of a police car. The female officer rode in the back seat with a handcuffed Mr. Carter as they transported Mr. Carter to the 81st Precinct. Mr. Carter asked the officers why he was being arrested for allegedly riding his bicycle on the sidewalk, a minor offense. The female officer berated him calling his question "stupid."

4.   Mr. Carter was brought into the 81st Precinct where he was taken to an open area. His handcuffs were removed and he was commanded to remove all of his clothing. Mr. Carter questioned why he had to remove his clothes. Officer Hellburg told him "this is what we do." He was then strip-searched.

5.   Mr. Carter was never told why the offense of riding a bicycle required a search of this nature. Mr. Carter was told to squat, lift his genital and spread his buttocks. Upon complying, Mr. Carter asked if he could get dressed. Officer Hellburg told him he had not done it properly and instructed Mr. Carter to again squat, lift his genitals and spread his buttocks. After again complying, Mr. Carter asked if he could get dressed. An unknown female police officer came into the area. Mr. Carter was embarrassed as he was still standing in the area without any clothes on with a female officer present.

6.   Officer Hellburg stated to the unknown female officer that Mr. Carter had done the squatting sloppily. The unknown female officer told Officer Hellburg to "let him do it again." Mr. Carter stated that he had already complied with the requests and that he did not feel comfortable with the female officer being present. When Mr. Carter protested this squatting procedure again, particularly having to perform it in front of the female officer, Police Officer Hellburg handcuffed Mr. Carter to get him to perform the act.

7. Officer Hellburg physically forced Mr. Carter to squat down while he was handcuffed behind his back and pushed down on Mr. Carter's back while simultaneously pulling his handcuffed wrists up.

8. Mr. Carter was later placed in a holding cell. The initial holding cell contained bed bugs that bit Mr. Carter. Upon complaining about the bed bugs, Mr. Carter was moved to another holding cell.

9. Eventually, Mr. Carter was taken to Central Booking. Mr. Carter has suffered irreparable emotional harm, humiliation, and bodily injury as a result of police misconduct.

## THE PARTIES

10. Plaintiff, Roosevelt Carter is an individual who resides in Queens County.

11. Defendant, The City of New York (hereinafter "**CITY**") is a municipality.

12. Defendant, Officer Hellburg (hereinafter "**HELLBURG**") is an individual residing in the State of New York.

## JURISDICTION AND VENUE

13. Plaintiff is a citizen of the State of New York County of Kings for purposes of jurisdiction.

14. Defendant CITY is a municipality based in New York for purposes of jurisdiction.

15. Defendant HELLBURG is a citizen of the State of New York for purposes of jurisdiction.

16. The incident and the property are located in the State of New York County of Kings.

17. This Court has original personal jurisdiction over this matter, exclusive of interest and costs.

18. Venue is proper in this Court in that Plaintiff resides in Kings County and the Defendant is subject to personal jurisdiction, in this County.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FOURTH AN FOURTEENTH AMENDMENT AND 42 U.S.C. SECTIONS 1981 AND 1983

19.   The plaintiff's incorporates by reference each preceding allegation as if fully set forth herein.

20.   The conduct and actions of defendant Police Officer HELLBURG, acting under color of law, in assaulting plaintiff and using objectively unreasonably excessive force, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of her acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. Sections 1981, 1983, and Fourth and Fourteenth Amendments to the United States Constitution.

21.   As a result of the foregoing, plaintiff was detained, sustained painful injuries to his body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## THIRD CLAIM

## DEPRIVIATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH
## AMENDMENTS AND 42 U.S.C. SECTIONS 1981 and 1983

22.  Plaintiff incorporates by reference the allegations set forth in each preceding

paragraph as if fully set forth herein.

23. The conduct and actions of defendant Police Officer HELLBURG, acting under color

of law, in assaulting plaintiff and using objectively unreasonably excessive force, was

done intentionally, maliciously, with a deliberate indifference and/or with a reckless

disregard for the natural and probable consequences of his acts, was done without lawful

justification or reason, and was designed to and did cause specific and serious harm, pain

and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42

U.S.C. Sections 1981, 1983, and Fourth and Fourteenth Amendments to the United States

Constitution.

24. As a result of the foregoing, plaintiff was detained, was subject to great humiliation,

and was otherwise damaged and injured.

## FOURTH CLAIM

### LIABILITY OF DEFENDANT CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

25.  Plaintiff incorporates by reference the allegations set forth in each preceding

paragraph as if fully set forth herein.

26. At all times material to this complaint, defendant **CITY OF NEW YORK**, acting

through the **NEW YORK CITY POLICE DEPARTMENT**, had in effect *de facto*

policies, practices, customs and usages that condoned and fostered the unconstitutional

conduct of the defendant police officers, and were a direct and proximate cause of the damages and injuries complained of herein.

27. These policies, practices, customs and usage include, *inter alia:* (a) the failure to properly screen, train, supervise, discipline, transfer, counsel and/or otherwise control police officers engaged in the excessive and unjustified use of force; (b) the failure to properly screen, train, supervise, discipline, transfer, counsel and/or otherwise control police officers in their treatment of persons involved in automobile accidents.

28. Since at least 1984 the defendant **CITY OF NEW YORK** and the New York City Police Department have been on notice that their training of police officers has been inadequate and that police officers joining the force, including, on information and belief, the individual defendant police officers herein, were disproportionately involved in misconduct and abuse, particularly involving excessive force and brutality.[1]

29. The City of New York Office of the Comptroller, in an unpublished report, found that the police often do inadequate investigations and have little training to prevent officers from repeated using excessive force.

30. In 1990, the Office of Special Prosecutor, which investigated charges of police corruption, was abolished.

31. Upon information and belief, in the vast majority of the excessive force, deadly force, and other police abuse case that result in verdicts or substantial settlements for the victims, the New York City Police Department imposes no discipline, either before or after the court resolution, almost never reopens an investigation previously conducted

---

1 See, e.g., Mayor's Advisory Committee on Police Management and Personnel Policy, Final Report, February 24, 1987.

after such a resolution, and sometimes promotes the abusive officer to a position of greater authority despite the resolution.

32. Acting under color of law, by and through the policy-makers of the **CITY OF NEW YORK** and pursuant to official policy or custom and practice, the **CITY OF NEW YORK** intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the **CITY OF NEW YORK** failed to effectively screen, hire, train, instruct supervise, control and discipline, on a continuing basis, their police officers, including the defendant police officer(s) herein, for their propensity for violence, including unreasonable and unjustified force and restraint, for unlawfully subjecting individuals to strip searches, for on the head or neck with batons, flashlights or other blunt objects, for racial bias, for lack truthfulness, for fabricating criminal charges and falsely swearing to criminal complaints against citizens for the purpose of shielding themselves against criminal and/or civil liability for violating those citizens' civil rights, and for the failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the individual defendant police officers herein to be in position to assault and/or unreasonably and unjustifiably restrain the plaintiff, to otherwise cause her injury and violate her federal and state unconstitutional rights, and/or to permit these actions to take place without her knowledge or consent.

34. On information and belief, the defendant police officers herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendant **CITY OF NEW YORK** and the New York City Police Department that the defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the

conduct complained of by the plaintiff herein. The **CITY OF NEW YORK** had

knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and

discipline on a continuing basis, should have had knowledge that the wrongs that were

done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be

committed.  Defendant **CITY OF NEW YORK** had the power, authority and duty to

prevent or aid in preventing the commission of said wrongs, could have done so, and

intentionally, knowingly, recklessly or with deliberate indifference to the rights of the

inhabitants of the **CITY OF NEW YORK** failed to do so.

35. On information and belief, defendant **CITY OF NEW YORK** and the New York

City Police Department maintained an inadequate structure for risk containment and

stress management relative to its police officers, and failed to create proper means of

containing such risk and managing such stress.  *Inter alia*, the structure was deficient, at

the time of selection of police officers and thereafter during the employment, in its ability

to evaluate and exchange information within the command structure about the

performance of individual police officers; in its training of supervisory personnel to

effectively and adequately evaluate performance of an officer; and in its ability to

otherwise put the command structure on notice that an individual or individuals were at

significant levels of risk to the public at a large or to specific segments thereof.  The

effect of this was to permit police officers of the New York City Police Department to

function at levels of significant and substantial risk to the public in general.

36. As a result of the foregoing conscious policies, practices, customs and/or usages,

defendant **CITY OF NEW YORK** and the New York City Police Department have

permitted and allowed the employment and retention of individuals as police officers

whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

37. As a direct and proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, the plaintiff has suffered permanent mental and emotional injury and pain, anguish, suffering humiliation and embarrassment.

## FIFTH CLAIM

### ASSAULT AND BATTERY

38. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

39. By the actions described above, defendant Police Officer HELLBURG did inflict assault and battery upon the plaintiff herein.  The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed her by the laws and Constitution of the State of New York.

40. As a result of the foregoing, plaintiff was detained, sustained painful injuries to her body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

41.  The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

42. By the actions described above, defendants JANE DOE and JOHN DOE did assist
Police Officer HELLBUR in inflicting assault and battery upon the plaintiff herein.  The
acts and conduct of the defendant was the direct and proximate cause of injury and
damage to the plaintiff and violated her statutory and common law rights as guaranteed
her by the laws and Constitution of the State of New York.

43. As a result of the foregoing, plaintiff was detained, sustained painful injuries to her
body, was made ill, was subject to great humiliation, and was otherwise damaged and
injured.

## SEVENTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. The plaintiff incorporates by reference each preceding allegations as if fully set forth
herein.

44. By the actions described above, defendant Police Officer HELLBURG engaged in
extreme and outrageous conduct, conduct utterly intolerable in a civilized community,
which intentionally caused severe emotional distress to plaintiff.  The acts and conduct of
the defendant was the direct and proximate cause of injury and damage to the plaintiff
and violated his statutory and common law rights as guaranteed him by the laws and
Constitution of the State of New York.

45. As a result of the foregoing, plaintiff was made ill, was subjected to great humiliation,
and was otherwise damaged and injured.

## EIGHTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The plaintiff incorporates by reference each preceding allegations as if fully set forth
herein.

47. By the actions described above, defendants JANE DOE and JOHN DOE engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff. The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

48. As a result of the foregoing, plaintiff was made ill, was subjected to great humiliation, and was otherwise damaged and injured.

## NINTH CLAIM

### CONSPIRACY

49. The plaintiff's incorporates by reference each preceding allegation as if fully set forth herein.

50. By the actions described above, defendants Police Officers HELLBURG, JANE DOE and JOHN DOE jointly and severally, acting in their individual capacities and under color of law, conspired together and maliciously and willfully entered into a scheme to deprive plaintiff to his rights, well-being and to commit the above-alleged unlawful acts by charging plaintiff with riding a bicycle on the sidewalk. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his rights as guaranteed him by the Fourth and Fourteenth Amendments to the Constitution of the United States, and protected by 42 U.S.C. Sections 1981, 1983, and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENCE

52. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

53. As a New York City police officer, defendant Police Officer HELLBURG had a duty towards Roosevelt Carter to not subject him to a strip search, care, protect, give him water, particularly when requested, obtain medical treatment and to allow him to make a telephone call when he was detained.

54. As a New York City police officer, defendant Police Officer JANE DOE had a duty towards Roosevelt Carter to not subject him to a strip search, care, protect, give him water, particularly when requested, obtain medical treatment and to allow him to make a telephone call when he was detained.

55. As a New York City police officer, defendant JOHN DOE had a duty towards Roosevelt Carter to not subject him to a strip search, care, protect, give him water, particularly when requested, obtain medical treatment and to allow him to make a telephone call when he was detained.

56. By the actions described above, defendants Police Officers HELLBURG, JANE DOE and JOHN DOE, jointly and severally, negligently caused severe physical injuries, and caused severe physical injuries, and caused extreme emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and

damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to great humiliation and emotional distress, detained, and was otherwise damaged and injured.

## ELEVENTH CLAIM
### PRIMA FACIE TORT

58. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

59. By the actions described above, defendant Police Officer Williams inflicted harm upon Lucille Greco without excuse or justification, out of disinterested malice.

60. By the actions described above, defendant Police Officer HELLBURG inflicted harm upon Roosevelt Carter without excuse or justification, out of disinterested malice.

61. By the actions described above, defendants JANE DOE and JOHN DOE inflicted harm upon Roosevelt Carter without excuse or justification, out of disinterested malice.

62. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

## TWELTH CLAIM
### NEGLIGENT HIRING, SCREENING RETENTION,
### SUPERVISION AND TRAINING

63. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

64. The defendant **CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained the individual defendant police officers. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiff sustained painful injuries, was made ill, was subjected to a great humiliation and emotional distress, was detained, and was otherwise damaged and injured.

### THIRTEENTH CLAIM

### *RESPONDEAT SUPERIOR* LIABILITY OF THE CITY OF NEW YORK
### FOR THE STATE LAW VIOLATIONS

66. The plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

67. The conduct of defendants Police Officers HELLBURG, JANE DOE and JOHN DOE alleged herein, occurred while they were on duty and in uniform and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents, officers, servants and employees of the defendant **CITY OF NEW YORK**, and as a result the defendant **CITY OF NEW YORK** is liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

68. As a result of the foregoing, plaintiff was detained, sustained painful injuries to his body, was made ill, was subject to great humiliation, and was otherwise damaged and injured.

**WHEREFORE,** the plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensation damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Hollis, New York
      March 29, 2013

_____
RENÉ MYATT, ESQ. [RM-4406]
Attorney for Plaintiff
**ROOSEVELT CARTER**
204-04 Hillside Avenue, 2nd Floor
Hollis, New York 11423
(718) 468-3588


TO:      CORPORATION COUNSEL FOR THE CITY OF NEW YOR
         **THE CITY OF NEW YORK,**
         **POLICEOFFICER HELLBURG**
         **JANE DOE and JOHN DOE**
         100 Church Street
         New York, New York

15

## ATTORNEY'S VERIFICATION

René Myatt, an attorney at law admitted to practice before the United States District Court, Eastern District of the State of New York, affirms the following to be true under penalties of perjury:

I am associated with THE LAW OFFICE OF RENÉ MYATT, the attorney of

record for the plaintiff, **ROOSEVELT CARTER,** in this action.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true based upon information and belief. My belief, as to those matters herein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in the office files of the aforementioned law office.

The reason I make this verification instead of the plaintiff, is because the plaintiff resides at:

> 1240 Herkimer Street
> Broolyn, New York 11233

which is outside of the County where your affiant's office is located.

Dated: Hollis, New York
      March 29, 2013

 

 

_____

RENÉ MYATT, ESQ.